Jay H. Berg, Esq.
(jb5510)
Cornicello, Tendler, Baumel-Cornicello, LLP
Two Wall Street, 20th Floor
New York, NY 10005
T. 212-994-0260
F. 212-994-0268
*Counsel to Petitioner Laura Langford*


ORIGINAL

UNITED STATES DISTRICT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In the Matter of the Arbitration Between     :   Docket No.: 1:20-cv-04980-LJL
                                             :
LAURA LANGFORD,                              :
                                             :
              Petitioner,                    :
                                             :
       -and -                                :
                                             :
DIANA BECK,                                  :
                                             :
              Respondent.                    :
-----------------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S MOTION TO CONFIRM ARBITRATION AWARD, AND APPLICATION FOR <u>ATTORNEYS' FEES AND COSTS</u>

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................ 1

STATEMENT OF CASE .................................................................................................. 2

    Background Facts ......................................................................................................... 2

    The Arbitration ............................................................................................................. 3

ARGUMENTS AND AUTHORITIES ............................................................................. 5

    A. This Court has subject matter jurisdiction to decide the motion .......... 5

    B. The motion is timely, and venue is proper .............................................. 6

    C. The Award should be confirmed ............................................................... 8

        1.  The Award was fully justified ................................................................ 8

        2.  Respondent was afforded a full and fair opportunity
            to present her case but failed to do so .............................................. 10

    D. Petitioner is entitled to recover her reasonable attorneys' fees
        for making this motion ............................................................................. 11

CONCLUSION ................................................................................................................ 14

# TABLE OF AUTHORITIES

**Cases**                                                                                                                               **Page**

*Amazon Servs. LLC v. Techfrys Corp.*,
    2019 U.S. Dist. LEXIS 94498 (S.D.N.Y. June 4, 2019) ................................................. 7

*Andros Compania Martima S.A. v. Marc Rich & Co., A.G.*
    579 F.2d 691 (2nd Cir. 1978) ........................................................................................ 8

*Bisnoff v. King*,
    154 F. Supp 2d 630 (S.D.N.Y. 2001) ............................................................................ 8

*County-Wide Ins. Co. v. Harnett*,
    426 F. Supp 2d 1030 (S.D.N.Y. 1977) ........................................................................ 11

*D.H. Blair & Co. v. Gottdiener*,
    462 F.3d 95 (2nd Cir. 2005) .......................................................................................... 7

*Drywall Tapers & Pointers Local Union 1974 v. Bronx Base Builder's Ltd.*,
    2019 U.S. Dist. LEXIS 6438 (S.D.N.Y. January 14, 2019) ........................................ 11

*Elite, Inc. v. Texaco Panama, Inc.*,
    777 F. Supp 289 (S.D.N.Y. 1991) .............................................................................. 11

*First Nat'l Supermarkets v. Retail, Wholesale & Chain Store Food
Emples. Union Local 388*, 118 F.3d 892, 898 (2nd Cir. 1997) ........................................... 13

*Folkways Music Publrs, Inc. v. Weiss*,
    989 F.2d 108 (2nd Cir. 1993) ........................................................................................ 8

*Hoteles Condado Beach v. Union de Tronquistas Local 901*,
    763 F.2d 34 (1st Cir. 1985) ............................................................................................ 8

*Interchem Asia 2000 PTE Ltd. v. Oceana Petrochemicals AG*,
    373 F. Supp 2d 340 (S.D.N.Y. 2003) ............................................................................ 7

*International Chemical Workers Union, Local 227 v. BSAF Wyandotte Corp.*,
    774 F.2d 43 (2nd Cir. 1985) ........................................................................................ 12

*Kolel Beth Yechiel of Tartikov, Inc. v. YLL Irrevocable Trust*,
    729 F.3d 99 (2nd Cir. 2013) .......................................................................................... 8

*Lyeth v. Chrysler Corp.*,
   929 F.2d 891 (2nd Cir.) .................................................................................................. 10, 11

*Morrisey v. Brewer*,
   408 U.S. 471, 33 L.Ed.2d 484, 92 S. Ct. 2593 (1972) ....................................................... 10

*National Bulk Carriers, Inc. v. Princess Management Co.*,
   597 F.2d 819 (2nd Cir. 1979) ................................................................................................ 8

*Nat'l Cas. Co. v. Resolute Reinsurance Co.*,
   2016 U.S. Dist. LEXIS 38797 (S.D.N.Y. March 24, 2016) ............................................. 6, 7

*N. Am. Thought Combine, Inc. v. Kelly*,
   249 F. Supp. 2d 283 (S.D.N.Y. 2003) .................................................................................. 6

*Ottley v. Schwartzberg*,
   819 F.2d 373 (2nd Cir. 1987) ................................................................................................ 8

*Page Int'l Ltd. v. Adam Maritime Corp.*,
   53 F. Supp 2d 591 (S.D.N.Y. 1999) .................................................................................... 11

*Perpetual Secs., Inc. v. Tang*,
   29 F.3d 132 (2nd Cir. 2002) .................................................................................................. 5

*Photopaint Techs., LLC v. Smartlens Corp.*,
   335 F.3d 152 (2nd Cir. 2003) ................................................................................................ 7

*Rich v. Spartis*,
   516 F.3d 75 (2nd Cir. 2008) .................................................................................................. 8

*Sierra v. Bally Total Fitness Corp.*,
   2007 U.S. Dist. LEXIS 23729 (E.D.N.Y. March 30, 2007) ................................................ 6

*Tempo Shain Corp. v. Bertek, Inc.*,
   120 F.3d 16 (2nd Cir. 1997) .................................................................................................. 8

*Trs. Of the N.Y. Dist. Council of Carpenters Pension Fund v. Stop & Work Constr.*,
   2018 U.S. Dist. LEXIS 2331 (S.D.N.Y. January 5, 2018) ................................................ 13

*Universal Computer Servs. v. Dealer Servs.*,
   2003 U.S. Dist. LEXIS 12237 (E.D.N.Y. July 17, 2003) .................................................. 12

**Statutes**                                                                              **Page**

28 U.S. Code §1332 (a)(1)..................................................................................5

28 U.S. Code §1332 (b) .....................................................................................5

28 U.S. Code §1332 (e) .....................................................................................5

9 U.S. Code §9.............................................................................................6, 7

**PRELIMINARY STATEMENT**

Laura Langford ("Petitioner"), respectfully submits this memorandum of law in support of her motion to confirm an award of arbitration (the "Award") entered by Amy K. Eckman, Esq. (the "Arbitrator") on February 27, 2020.

The Arbitrator awarded Petitioner exclusive possession of condominium unit 5D (the "Condominium Unit"), in the building known as and located at 437 West 38th Street, New York, NY (the "Building"). The Condominium Unit is jointly owned by Petitioner and respondent Diana Beck ("Respondent") as tenants-in-common but is occupied solely by Respondent.

The Arbitrator also awarded Petitioner a lien against Respondent's ownership interest in the Condominium unit, in the amount of $35,619.94, for payments for common charges, assessments, and real estate taxes for the Condominium Unit (the "Necessary Payments") that Petitioner made on Respondent's behalf.

The Arbitrator also awarded Petitioner legal fees and related costs in the amount of $31,288.85, and the costs and fees for the arbitration, in the amount of $11,012.50. Respondent was directed to pay those sums to Petitioner within 30 days of the date of the Award. she did not.

Upon information and belief, the Award was delivered to Respondent on February 27, 2020, by the American Arbitration Association ("AAA"). A copy was also mailed to her by Petitioner's counsel on March 13, 20120. To date, Respondent has not

1

paid Petitioner the legal fees, the arbitration fees, and the related costs awarded by the Arbitrator. Nor has she delivered possession of the Condominium Unit to Petitioner.

## STATEMENT OF THE CASE

### Background Facts

As set forth in the petition (the "Petition"), and the affidavit of Jay H. Berg (the "Affidavit') in support of the Petition, this proceeding is based on Respondent's default of a real estate agreement (the "Agreement") entered into between Petitioner and Respondent on May 26, 2005. Respondent, who, at the time, was the tenant of the Condominium Unit, had been offered the opportunity to purchase it at a price below fair market value. Because Respondent needed to stay in the Condominium Unit but lacked the funds necessary to purchase it, she turned to Petitioner. Petitioner paid the purchase price of $354,002. Petitioner and Respondent thereafter took title to the Condominium Unit as tenants in common.

It was agreed that Respondent would continue to reside in the Condominium Unit and pay the monthly common charges and assessments, as well as the quarterly real estate taxes (defined heretofore as the "Necessary Payments"). It was further agreed that when the Condominium Unit was sold, Petitioner would be entitled to recover the $354,002 that she had put up to purchase the Condominium Unit, plus 25% of any profits realized above that amount.

Respondent subsequently defaulted on making the Necessary Payments. As a result, Petitioner was compelled to make them on her behalf. Petitioner therefore served Respondent with a notice of default (the "Notice of Default"), in accordance with

Paragraph 7(e)(iii) of the Agreement. The Notice of Default advised Respondent that unless she repaid Petitioner for the Necessary Payments Petitioner had made on her behalf within five days of the date of the Notice of Default, she would have to vacate the Condominium Unit within 60 days of receipt of the Notice of Default. The Notice of Default further advised Respondent that if she failed to repay the Necessary Payment and further failed to vacate the Condominium Unit, Petitioner would file for binding arbitration pursuant to Paragraph "14" of the Agreement.

Respondent failed to repay the Necessary Payment and further failed to vacate the Condominium Unit. Petitioner therefore served Respondent with a demand for arbitration (the "Demand for Arbitration").

**The Arbitration**

The Demand for Arbitration was served on the Respondent on June 12, 2019 and mailed to AAA on June 14, 2019. Respondent was given until July 2, 2019 to submit an Answer to the Demand. She did not. Nor did she request a different venue than the one listed in the Demand for Arbitration (which was Manhattan), or respond to AAA's request to select an Arbitrator from a list provided by AAA, or oppose any of Petitioner's choices for the Arbitrator.

On August 2, an Arbitrator was appointed from a list submitted by Petitioner. On September 10, 2019, the Arbitrator held a Preliminary Telephonic Management Hearing ("PTMH") with Petitioner's counsel and a representative from AAA. Respondent did not participate in the PTMH despite notification of the date and time by AAA.

As a result of the PTMH, the Arbitrator entered a scheduling order (the "Scheduling Order") setting, *inter alia,* a date for an evidentiary hearing (the Evidentiary Hearing") on Petitioner's claims. The date chosen was December 4, 2019. The time was set at 10:00 a.m. The place selected was the offices of Petitioner's counsel, at Two Wall Street, New York, NY. AAA sent copies of the Scheduling Order, and the Notice of Hearing, to Petitioner, and, upon information and belief, to Respondent.

The Arbitrator also asked Petitioner's counsel to try to contact Respondent. Petitioner's counsel therefore retained a private investigator (the "P.I"). The P.I.'s efforts to contact Respondent were unsuccessful. (As were Petitioner's counsel's efforts to try to contact Respondent.)

Thereafter, on September 24, 2019, Petitioner filed a statement of claim (the Statement of Claim") with AAA. On November 15, 2020, Petitioner provided AAA with copies of the documents she intended to introduce at the Evidentiary Hearing. Copies were also sent to Respondent, together with a letter reminding her of the date, time, and place of the Evidentiary Hearing. Respondent did reply. Nor did Respondent submit any of her own documents to AAA.

The Evidentiary Hearing was held, as scheduled, on December 4, 2020. Respondent appeared via Skype from Hamburg, Germany, where she was working. Respondent did not appear at the Evidentiary Hearing.

At the Evidentiary Hearing, Petitioner submitted proof showing that she had paid the common charges and assessments for the Condominium Unit for fifteen months, commencing in January 2018, and ending in March 2019. Petitioner further submitted

4

proof that she had the real estate taxes fort the condominium Unit for seven quarters, commencing July 2017, and ending January 2019. Petitioner testified that none of the common charges and assessments that she paid on behalf of Respondent, and none of the real estate taxes that she also paid on Respondent's behalf, were ever reimbursed by Respondent.

Following the Evidentiary Hearing, the Arbitrator entered two post-hearing scheduling orders (the "Post-Hearing Scheduling Orders"). Petitioner complied with both Post-Hearing Scheduling Order. Respondent did not respond to either of Petitioner's submissions.

## ARGUMENTS AND AUHTHORITIES

### A. This Court has subject matter jurisdiction to decide the motion.

The Federal Arbitration Act ("FAA" or "the Act"), 9 U.S. Code §1 et. seq., does not, in and of itself, confer federal subject matter jurisdiction to confirm, vacate, or modify an arbitration award. For a federal court to entertain such a proceeding, there must be an independent basis for jurisdiction. Thus, the case must either present a federal question apart from the Act, or there must be diversity jurisdiction. *Perpetual Secs., Inc. v. Tang*, 29 F.3d 132, 136 (2nd Cir. 2002).

For diversity jurisdiction to exist, the parties must be citizens of different states. 28 U.S. Code §1332(a)(1). Here, Petitioner is a citizen of the state of Nevada, and Respondent is a citizen of the state of New York. The first criterion for diversity jurisdiction has therefore been met.

5

In addition, the amount in controversy cannot be less than $75,000. 28 U.S. Code §1332(b). In determining the amount in controversy in proceedings to confirm an arbitration award, the courts in the Southern District of New York employ two methods. One method is to look to at the amount in the demand for arbitration. *Nat'l Cas. Co. v. Resolute Reinsurance Co.*, 2016 U.S. Dist. LEXIS 38797 at * 5-7 (S.D.N.Y. March 24, 2016). The other method is to look to the amount awarded by the arbitrator. *N. Am. Thought Combine, Inc. v. Kelly,* 249 F. Supp. 2d 283, 285 (S.D.N.Y. 2003). No matter which method is employed in this case, the result is the same. The amount in controversy at least $75.000. *Sierra v. Bally Total Fitness Corp.*, 2007 U.S. Dist. LEXIS 23729 at * 13-14 (E.D.N.Y. March 30, 2007).

Petitioner's Demand for Arbitration sought $188,000. The amount awarded was $77,921.29, broken down as follows: $35,619.94 for unreimbursed common charges, assessments, and real estate taxes; $31,288.85 for attorneys' fees and related costs; and $11,012.50 for arbitration costs and fees. Thus, the second criterion for diversity jurisdiction has also been met.

### B. The motion is timely, and venue is proper.

Section 9 of the FAA states, in relevant part, that "if the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, then at any time within one year after the award is made any party to the arbitration may apply to the court…for an order confirming the award." 9 U.S. Code §9. The Second Circuit has construed that language as "impos[ing] a one-year statute of

6

limitations on the filing of a motion to confirm an arbitration award under the AAA." *Photopaint Techs., LLC v. Smartlens Corp.*, 335 F. 3d 152, 158 (2nd Cir. 2003).

Here, the Award was entered and delivered on February 27, 2020. The petition was filed on June 29, 2020. The motion is therefore timely. *Interchem Asia 2000 PTE Ltd. V. Oceana Petrochemicals AG*, 373 F. Supp 2d 340, 246 (S.D.N.Y. 2003).

Section 9 of the FAA further states, in relevant part, that "[i]f no court is specified in the agreement of the parties, them such application may be made to the United States court in and for the district within which such award was made." 9 U.S. Code §9. *See also, D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 105 (2nd Cir. 2005), holding that "FAA's venue provision must be read permissively to allow a motion to confirm, vacate, or modify an arbitration award either where the award was made or in any district proper under the general venue statute [citations omitted]."

Paragraph "14" of the Agreement states that "[a[ny controversy or claim arising out of or relating to this [Agreement] , or the breach thereof, shall be settled by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association, and judgment upon the award rendered by the Arbitrator(s) may be entered in any Court having jurisdiction thereof." Inasmuch as no court is specified, and inasmuch as the Award was made in New York, and inasmuch as this Court has subject matter jurisdiction to confirm the Award, venue is properly placed in the Southern District of New York. *Nat'l Cas. Co. v. Resolute Reinsurance Co.*, 2016 U.S. Dist. LEXIS 38797 at *4. *Amazon Servs. LLC v. Techfrys Corp.*, 2019 U.S. Dist. LEXIS 94498 at * 15, footnote 4 (S.D.N.Y. June 4, 2019).

## C. The Award should be confirmed.

The district court's role in reviewing a petition to confirm an arbitration award is extremely limited. The reason for that is to promote "the twin goals of arbitrations, namely, settling disputes efficiently and avoiding long and expensive litigation." *Folkways Music Publrs, Inc. v. Weiss*, 989 F.2d 108, 111 (2nd Cir. 1993). "As long as 'there is a barely colorable justification...'" for the award, the petition should be confirmed. *Kolel Beth Yechiel of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 103-104 (2nd Cir. 2013), quoting *Rich v. Spartis*, 516 F.3d 75, 81 (2nd Cir. 2008).

Further, the arbitrator's award must comply with due process. Each side must be afforded "an adequate opportunity to present its evidence and argument." *Bisnoff v. King*, 154 F. Supp 2d 630, 637 (S.D.N.Y. 2001), quoting *Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16, 20 (2nd Cir, 1997), citing *Hoteles Condado Beach v. Union de Tronquistas Local 901*, 763 F.2d 34, 39 (1st Cir. 1985). "Only 'clear evidence of impropriety' justifies denial of summary confirmation." *Ottley v. Schwartzberg*, 819 F.2d 373, 376 (2nd Cir. 1987), citing *National Bulk Carriers, Inc. v. Princess Management Co.*, 597 F.2d 819, 825 (2nd Cir. 1979), quoting *Andros Compania Martima S.A. v. Marc Rich & Co., A.G.* 579 F.2d 691, 702 (2nd Cir. 1978).

Applying those standards here, the Award should be confirmed.

### 1. The Award was fully justified.

The Arbitrator's Award was based on a careful consideration of the evidence. It was based on the terms and conditions of the Agreement, and Respondent's failure to comply therewith; the Notice of Default that Petitioner served on her on March 14, 2019;

Petitioner's Statement of Claim, dated September 24, 2019; the documents Petitioner submitted to the Arbitrator prior to the Evidentiary Hearing, at the Evidentiary Hearing, and after the Evidentiary Hearing, and; the sworn testimony of Petitioner.

As noted above, the Arbitrator award Petitioner exclusive possession of the Condominium Unit. That Award was in accord with Paragraph 7(d)(ii) of the Agreement, which states, in pertinent part, that when a party is in default of the Agreement, the non-defaulting party shall "have exclusive possession of the Property…." Here, the default was Respondent's undisputed failure to make at least five of the Necessary Payments pursuant to Paragraph "5" of the Agreement, and her undisputed failure to reimburse Petitioner for at least five of the Necessary Payments that Petitioner made on her behalf, in accordance with Paragraph 7(c) of the Agreement.

The Arbitrator also awarded Petitioner a lien against Respondent's ownership interest in the Condominium Unit, in the amount of $35,619.94, for the common charges and assessments that Petitioner paid from January 1, 2018 through March 1, 2019; and the real estate taxes from July 2017 to January 2019. The Award was in accord with Paragraph 7(b) of the Agreement, which provides, in pertinent part, that if Petitioner is compelled to makes any of the Necessary Payments for the Condominium Unit, Petitioner shall have a lien against Respondent's ownership in the Condominium Unit for those amounts.

The Arbitrator also awarded Petitioner legal fees and related costs in the amount of $31,288.85, and arbitration fees and costs in the amount of $11,012.50. The award was authorized by Paragraph "14" of the Agreement, which provides, in patient part, that the prevailing party in arbitration is "entitled to an award of arbitration fees, attorney's fees

9

and related expenses from the other [party]." The Award was based on the invoices for those fees and related expenses that Petitioner submitted to the Arbitrator.

It therefore cannot be said that there was no colorable basis for the Award.

### 2. Respondent was afforded a full and fair opportunity to present her case but failed to do so.

As noted above, Respondent was afforded an adequate opportunity to submit an Answer to the Demand for Arbitration. She chose not to. Nevertheless, Respondent was not defaulted by the AAA or the Arbitrator. She was given the opportunity to participate in the PTMH that was held in September 2029, was given the opportunity to submit evidence to the Arbitrator prior to the Evidentiary Hearing, was notified of the time, place, and date of the Evidentiary Hearing, by AAA and by Petitioner's counsel, and was given the opportunity to reply to Petitioner's two Post-Evidentiary Hearing submissions. Respondent did not avail herself of any of those opportunities.

Moreover, the Arbitrator and AAA went well beyond their constitutional responsibilities by twice instructing Petitioner's counsel to make efforts to reach her. As noted above, Petitioner retained a private investigator (previously identified as the "P.I.") to contact Respondent. The P.I. made two attempts to contact Respondent. The first attempt was made on September 10, 2019. The second attempt was made on January 17, 2020. In addition, Petitioner's counsel tried to reach Respondent by telephone. All attempts to contact Respondent were unsuccessful.

In a compulsory arbitration proceeding such as this, "due process is flexible and calls for such protections as the particular situation demands." *Lyeth v. Chrysler Corp.*, 929

10

F.2d 891, 895 (2nd Cir.) quoting *Morrisey v. Brewer*, 408 U.S. 471, 481, 33 L.Ed. 2d 484, 92 S. Ct. 2593 (1972). If the respondent is provided with "adequate notice, a hearing before an impartial decision-maker...," and the right to present evidence and call witnesses, due process is deemed satisfied *Lyeth v. Chrysler Corp.*, 929 F.2d at 895-896, citing *County-Wide Ins. Co. v. Harnett*, 426 F. Supp 2d 1030, 1033 (S.D.N.Y. 1977).

Those safeguards were more than satisfied here. Accordingly, the statutory requirements for due process were met. *D. H. Blair & Co. v. Gottdiener*, 462 F.3d at 105.

## D. Petitioner is entitled to recover her reasonable attorneys' fees for making this motion.

A petitioner moving to confirm an arbitration award is entitled to recover reasonable attorneys' fees under two circumstances. The first circumstance is when the agreement containing the arbitration clause provides for attorneys' fees. *Page Int'l Ltd. v. Adam Maritime Corp.*, 53 F. Supp 2d 591, 599 (S.D.N.Y. 1999); *Elite, Inc. v. Texaco Panama, Inc.*, 777 F. Supp 289, 292 (S.D.N.Y. 1991). The second circumstance is when the respondent has refused to voluntarily abide by the arbitrator's award without justification. *Drywall Tapers & Pointers Local Union 1974 v. Bronx Base Builder's Ltd.*, 2019 U. S. Dist. LEXIS 6438 at * 12 (S.D.N.Y. January 14, 2019). Under either scenario, the Petitioner is entitled to recover her attorneys' fees for this motion.

As discussed above, Paragraph "15" of the Agreement states that " [i[f an Owner [i.e. Petitioner or Respondent] retains an attorney to institute an arbitration proceeding to enforce her rights under this Agreement, or to determine the meaning of a disputed term, she shall, if she prevails, be entitled to an award of arbitration fees, attorney's fees and

11

related expenses for the other Owner." In addition, Paragraph "14" of the Agreement provides that the arbitration award "may be entered in Court having jurisdiction therefor." Reading those two paragraphs in tandem evinces the parties' intentions that any award of attorneys' fees are not limited to the arbitration proceeding itself but to any court proceeding to enforce the award. *Universal Computer Servs. v. Dealer Servs.*, 2003 U.S. Dist. LEXIS 12237 at *4 (E.D.N.Y. July 17, 2003).

Attorneys' fees are also available under equitable considerations. *International Chemical Workers Union, Local 227 v. BSAF Wyandotte Corp.*, 774 F.2d 43, 47 (2nd Cir. 1985). Respondent was advised by the Arbitrator that Petitioner was to have exclusive possession of the Condominium Unit. She was further directed by the Arbitrator to pay Petitioner the attorneys' fees, arbitrator fees, and related fees within 30 days of the date of the Award. (As noted above, the Award was delivered on February 27, 2020).

Respondent was also advised by Petitioner's counsel that she was to deliver possession of the Condominium Unit to Petitioner, and pay Petitioner the arbitration fees, attorneys' fees, and related expenses by March 28, 2020. Petitioner's counsel further advised Respondent that is she failed to deliver possession of the Condominium Unit to Petitioner, and/or failed to make the payments, that Petitioner would commence a court proceeding to enforce the award and would demand that Respondent reimburse her for costs and attorneys' fees. It was only after Respondent did not voluntarily comply with the Award that Petitioner commenced this proceeding. Where, as here, a party does not voluntary comply with an arbitration award, the party compelled to move for confirmation of the award is entitled to recover his or her attorneys' fees and costs. "In

actions for the confirmation and enforcement of arbitral awards, a court may award attorneys' fees if the party challenging the award has 'refused to abide by an arbitrator's decision without justification.'" *First Nat'l Supermarkets v. Retail, Wholesale & Chain Store Food Emples. Union Local 388,* 118 F.3d 892, 898 (2nd Cir. 1997).

Petitioner seeks $21,166.40 for her attorneys' fees and costs for making this motion. It is respectively submitted that that amount is reasonable. *Trs. of the N.Y. Dist. Council of Carpenters Pension Fund v. Stop & Work Constr.,* 2018 U.S. Dist. LEXIS 2331 at * 7 (S.D.N.Y. January 5, 2018). The motion was prepared as if it were a motion for summary judgment. It had to be prepared that way. Respondent did not appear in or oppose the arbitration proceeding, and we expect that she will not appear in this proceeding as well. The Second Circuit has held that a petition to confirm an arbitration award should not be granted on default but treated as an unopposed motion for summary judgment. *D. H. Blair & Co. v. Gottdiener,* 462 F.3d at 109-110. That is why Petitioner's counsel spent so much time and effort in preparing this motion.

## CONCLUSION

**WHEREFORE,** for all of the foregoing reasons, Petitioner respectfully requests that the Court enter an order confirming the Award, and a judgment in conformity therewith, together with an order and a judgment awarding Petitioner reasonable attorneys' fees, and costs for making this motion ; and a writ of assistance allowing Petitioner to recover exclusive possession of the Condominium Unit.

Dated:  New York, New York
        July 10, 2020

                                  Cornicello, Tendler &
                                  Baumel-Cornicello, LLP
                                  Attorneys for Petitioner
                                  Two Wall Street – 20th Floor
                                  New York, New York 10005
                                  T. (212) 994-0260
                                  F. (212) 994-0268

                                  _____
                                  Jay H. Berg, Esq.

Z:\WP\120119-01 (Laura Langford)\Memorandum of Law.06.22.20.docx