UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
:
LAURA LANGFORD,                                                      :
:
:
                Petitioner,                                    :
:
         -v-                                                                :
:
DIANA BECK,                                                          :
:
                Defendant.                                     :
:
---------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/27/2020

20-cv-4980 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

Petitioner Laura Langford ("Petitioner") moves, pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9 et. seq., to confirm an arbitral award entered against Respondent Diana Beck ("Respondent"). See Dkt. No. 2 ("Petition").

## BACKGROUND

On February 27, 2020, an arbitrator entered an award for Petitioner of exclusive possession of condominium unit 5D ("Condominium Unit") in the building known and located at 437 West 38th Street, New York, NY. See Dkt. No. 2, Ex. A at 4. The arbitrator also awarded Petitioner a lien against Respondent's ownership interest in the Condominium Unit, in the amount of $35,619.94, for payments for common charges, assessments, and real estate taxes for the Condominium Unit that Petitioner made on Respondent's behalf. *Id*. Finally, the Arbitrator also awarded Petitioner legal fees and related costs in the amount of $31,288.85, and the costs and fees for the arbitration, in the amount of $11,012.50. *Id*. Respondent was directed to pay those sums to Petitioner within 30 days of the date of the Award. *Id*. Petitioner alleges that Respondent has neither paid the sums awarded nor vacated the Condominium Unit.

## DISCUSSION

The Second Circuit has instructed that when a party has submitted an uncontested petition to confirm an arbitral award, the court should treat the petition and accompanying materials "as akin to a motion for summary judgment based on the movant's submissions." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006). The court must "examin[e] the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Id.* at 110 (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)) (internal quotation marks omitted). "If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied even if no opposing evidentiary material is presented." *Id.* The burden on the petition to confirm an arbitral award is not onerous. "The arbitrator's rationale for an award need not be explained, and the award should be confirmed 'if a ground for the arbitrator's decision can be inferred from the facts of the case.'" *Id.* (quoting *Barbier v. Shearson Lehman Hutton, Inc.*, 948 F.2d 117, 121 (2d Cir. 1991)).

The Court has examined the Petition and the supporting materials and treats them as an unopposed motion for summary judgment. The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a). The Petition alleges that Petitioner is a resident of the State of Nevada and that Respondent is a citizen of the State of new York. Petition 1. Both the amount in the demand for arbitration and the amount awarded is greater than $75,000. Thus, the elements for diversity jurisdiction are met. Venue is proper pursuant to 28 U.S.C. § 1391(a)(2) because a "substantial part of the events . . . giving rise to the claim occurred [and] a substantial part of property that is the subject of the action is situated" in this District. Moreover, the award was made in this District. *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 105 (2d Cir. 2005) ("the FAA's venue provision must be read permissively to allow a motion to confirm, vacate, or

modify an arbitration award either where the award was made or in any district proper under the general venue statute"). The Court has personal jurisdiction over Respondent, who is a resident of this District.

Based on a review of the materials submitted by Petitioner and the applicable law, the Court concludes that "there is no genuine dispute as to any material fact" and that Petitioner is entitled to confirmation of the Award. Fed. R. Civ. P. 56(a). In addition, the Court finds that Petitioner is entitled to attorneys' fees and costs as requested and incurred in connection with this petition. *See Trus. of N.Y.C. Dist. Council of Carpenters Pension Fund v. W.W. Timbers, Inc.*, 2020 WL 1922374, at *4 (S.D.N.Y. Apr. 21, 2020) ("Courts 'have routinely awarded attorneys fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court.'") (collecting cases).

## CONCLUSION

For the reasons stated above, the Amended Petition is GRANTED. The Award is confirmed, and the Clerk of Court is directed to enter judgment in favor of Petitioner and against Respondents as follows:

1. Petitioner is entitled to immediate and exclusive possession of the Property Known as Condominium Unit 5D, 438 West 37th Street, New York, NY 10018.

2. Petitioner shall have a lien against Respondent's ownership interest in the Condominium Unit in the amount of $35,619.94 for unreimbursed common charges, assessments and real estate taxes that Petitioner had or may have to make on Respondent's behalf.

3. Respondent shall pay to Petitioner the sum of attorneys' fees and related expenses in the amount of $31,288.85.

4. Respondent shall reimburse Petitioner the sum of $11,012.50, representing the costs and fees for the arbitration that were awarded by the arbitrator.

5. Respondent shall reimburse Petitioner for attorneys' fees and costs incurred in connection with the Petition and motion to confirm the award, as well as any costs incurred in enforcing the judgment entered by the Court.

The Clerk of Court is respectfully directed to terminate all pending motions, adjourn all deadlines, and to close the case.

SO ORDERED.

Dated: October 27, 2020
      New York, New York

                                        LEWIS J. LIMAN
                                  United States District Judge

4