UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                        :
LAURA LANGFORD,                                         :
                                                        :
                              Petitioner,               :
                                                        :                    20-cv-4980 (LJL)
              -v-                                        :
                                                        :                    ORDER
DIANA BECK,                                             :
                                                        :
                              Respondent.               :
                                                        :
------------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

On April 9, 2021, and again today, Respondent has filed letters and a proposed order to

show cause, at Dkt. Nos. 21, 23, moving the Court to vacate the Judgment entered in this case, at

Dkt. Nos. 10-11, the Writ of Assistance, at Dkt. No. 13, and the arbitration award that is the

subject of this litigation, all on grounds that the Court lacks jurisdiction pursuant to 28 U.S.C.

§ 1332 because complete diversity is allegedly lacking.  Petitioner opposes the motion.  Dkt No.

24.  On October 27, 2020, the Court granted Petitioner's motion to confirm the underlying

arbitration award in this case and that same day the Court entered judgment in favor of Petitioner

and against Respondent.  Dkt Nos. 10, 11.  The petition to confirm the arbitration award was

filed in July 2020.  Dkt No. 2.

A federal court may not preside over a case as to which it lacks subject matter

jurisdiction.  *See Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir.

2000) ("If subject matter jurisdiction is lacking, the action must be dismissed."); *Chestnut v.

Wells Fargo Bank, N.A.*, 2012 WL 1657362, at *3 (E.D.N.Y. May 7, 2012) ("Federal courts are

courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is

lacking.") (citing *Lussier*, 211 F.3d at 700–01).  However, this case is closed, judgment has been entered, and the Court is no longer presiding.  The standards applicable when the Court is exercising jurisdiction are not the same as when judgment already has been entered.

The Court has authority to vacate the Judgment as void under Federal Rule of Civil Procedure 60(b)(4), and would do so upon a sufficient demonstration that jurisdiction was lacking.  *See* 5B Fed. Prac. & Proc. Civ. § 1350 (3d ed.) ("After final judgment a lack of subject matter jurisdiction may be interposed as a motion for relief from the judgment under Rule 60(b)(4)").  There has been no such demonstration here.

"Since 60(b) allows extraordinary relief, it is invoked only upon a showing of exceptional circumstances." *Central Vermont Pub. Serv. Corp. v. Herbert*, 341 F.3d 186, 190 (2d Cir. 2003) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 62 (2d Cir.1986)).  "In the context of a Rule 60(b)(4) motion, a judgment may be declared void for want of jurisdiction only when the court 'plainly usurped jurisdiction,' or, put somewhat differently, when 'there is a total want of jurisdiction and no arguable basis on which it could have rested a finding that it had jurisdiction.'" *Id*. (quoting *Nemaizer*, 793 F.2d at 65); *see Steiner v. Atochem, S.A.*, 70 F. App'x 599, 599–600 (2d Cir. 2003) ("We have held in *Nemaizer v. Baker* that a Rule 60(b)(4) motion will not be granted where the district court had a 'reasonable basis' for exercising jurisdiction, although the court may have erred in fact as to the existence of that jurisdiction.") (quoting *Nemaizer*, 793 F.2d at 65); *see also Baella-Silva v. Hulsey*, 454 F.3d 5, 9–10 (1st Cir. 2006) ("[I]f the record supports an 'arguable basis' for concluding that subject-matter jurisdiction existed, a final judgment cannot be collaterally attacked as void."); *Vega v. Trinity Realty Corp.,* 2021 WL 738693, at *3 (S.D.N.Y. Feb. 24, 2021).

Even construing Respondent's allegations generously, she has not demonstrated any plain usurpation or want of jurisdiction here.  On its face, the Petition demonstrated that there was diversity jurisdiction; Petitioner was alleged to be a resident of the State of Nevada and Respondent a resident of the State of New York.  Dkt. No. 2 ¶¶ 1-2.  Thus, it "appeared from the face of the [Petition] that the parties were completely diverse." *Cook v. Toidze*, 950 F. Supp. 2d 386, 392 (D. Conn. 2013); *cf. id.* (granting a Rule 60(b)(4) motion where it was "clear" from the operative complaint that there was no diversity).  Thus, there was at least an arguable basis for the Court to conclude—albeit implicitly, as there was no challenge to subject matter jurisdiction in this case—that jurisdiction was proper.  *Herbert*, 341 F.3d at 190; *see Steiner*, 70 F. App'x at 600 n.2 ("It may well be that [a statement in the pleadings regarding the domicile of plaintiff] could have been challenged at the time as insufficient to plead permanent residency.  But the pleading constituted the kind of jurisdictional fact that must be challenged at the moment, not later.") (citing *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir.1997); *Des Moines Nav. & R.R. Co. v. Iowa Homestead Co.*, 123 U.S. 552, 557 (1887)).  Even now, and even assuming the Court can look beyond the evidence before it at the time Judgment was entered, Respondent has not demonstrated an absence of diversity jurisdiction.  Respondent proffers evidence from Petitioner's social media account including pictures of her in Germany, text written by her in German, and a page from her social media account listing Hamburg, Germany as "Places Lived -Current City."  *See* Dkt. No. 23-2 ¶¶ 9-20 & Exhibits.  But Petitioner has submitted a sworn declaration that the information on her Facebook page was dated—she lived in Hamburg when she joined Facebook but was not living there when the case commenced.  She swears that she was living in Las Vegas when the case was filed, she bought her Law Vegas property in November 2019, she was married in Las Vegas in December 2019, and she moved

into her Las Vegas property on April 12, 2020, having been domiciled in Washington D.C., immediately before.  She was only in Germany in connection with work.  Dkt. No. 24 ¶¶ 4-8. She attaches extensive evidence to support her claims including a certificate of title for her car, a redacted copy of her 2019 Federal Tax Return, and a copy of her voter registration card issued on July 2, 2020, all of which list her State of residence as Nevada.  Dkt. No. 24 ¶ 9 & Exhibits.  In short, Respondent has not demonstrated that diversity jurisdiction was lacking much less that there was any usurpation of jurisdiction.

For the foregoing reasons, Respondent's motion to vacate and proposed order to show cause are DENIED.  The Clerk of Court is respectfully directed to close Dkt. Nos. 21-23.


SO ORDERED.

Dated: April 12, 2021
       New York, New York                       _____
                                                      LEWIS J. LIMAN
                                                 United States District Judge

4